UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SAMMY JAMES DOUSE,

    Plaintiff,

vs.    Case No. 2:09-cv-596-FtM-29DNF

TIMOTHY BUDZ; GEO CARE- CORPORATION HEADQUARTERS; FLORIDA CIVIL COMMITMENT CENTER; BRYANT RUNGE; GEORGE EMANIOLIDIS; LILA DELLER; GEORGE GINTOLI; K. DAVIDSON,

    Defendants.
_____

**ORDER OF DISMISSAL**

This matter comes before the court upon review of the file. Plaintiff, who is proceeding *pro se*, initiated this action by filing a Civil Rights Complaint (Doc. #1, Complaint) pursuant to 42 U.S.C. § 1983 and the Florida Tort Claims Act on September 10, 2009, as a civil detainee at the Florida Civil Commitment Center. Plaintiff accompanied the filing of his Complaint with a motion to proceed *in forma pauperis*. See Doc. #2.

Despite Plaintiff's non-prisoner status,[1] before the Court rules on the pending motion to proceed *in forma pauperis*, the Court

---

[1] The Court recognizes that certain portions of the Prison Litigation Reform Act are not applicable to Plaintiff as a civil detainee. Troville v. Venz, 303 F.3d 1256, 1260 (11th Cir. 2002). The United States Court of Appeals for the Eleventh Circuit previously found that a district court did not error by dismissing a Complaint filed by a civil detainee for failure to state a claim under the *in forma pauperis* statute, 28 U.S.C. Section 1915 (e)(2)(B). Id. at 1260. Other Courts have also found that section 1915(e)(2)(B) is not limited to prisoners, but applies to all persons proceeding *in forma pauperis*. See Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001).

is required to review Plaintiff's Complaint to determine whether the complaint is frivolous, malicious or fails to state a claim. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). In essence, § 1915(e)(2) is a screening process, to be applied *sua sponte* and at any time during the proceedings. The Court, nonetheless, must read Plaintiff's *pro se* allegations in a liberal fashion. Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003).

A complaint filed *in forma pauperis* which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Rather, the test for granting a § 1915 dismissal is whether the claim lacks arguable merit either in law or fact. Id. at 325; Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309 (11th Cir. 2002); Bilal v. Driver, 251 F.3d 1346 (11th Cir. 2001). Additionally, § 1915 requires dismissal when the legal theories advanced are "indisputably meritless," Nietzke, 490 U.S. at 327; when the claims rely on factual allegations which are "clearly baseless" Denton v. Hernandez, 504 U.S. 25, 32 (1992); or, when it appears that the plaintiff has little or no chance of success. Bilal, 251 F.3d at 1349.

**II.**

Plaintiff identifies the following Defendants and sues them in their official and individual capacities: Timothy Budz, Administrator of the FCCC; GEO Care, Corporate Headquarters; Bryant

Runge, Internal Investigator; George Emaniolidis, Assistant Clinical Director; Lila Deller, Clinician; George Gintoli, GEO Vice President; K. Davidson, Therapeutic Safety Technician. Complaint at 1.

The facts in the Complaint involve a disciplinary report that Plaintiff states Defendant K. Davidson "falsely" issued to him on October 26, 2007. Id. at 3. As a result of the disciplinary report, Plaintiff states that he was held in "secure management" until November 5, 2007. Id. at 4-5. Plaintiff further challenges the disciplinary report based on a policy promulgated by the FCCC, which Plaintiff contends requires an investigation to be conducted within 72 hours of the report. Id. at 4. Plaintiff submits that the FCCC 72-hour investigation policy was not followed in his case, therefore the report should have been "procedurally dismissed." Id. at 5. In pertinent part, Plaintiff alleges:

> On <u>October 26, 2007,</u> Defendant **K. Davidson** falsified an incident report against Plaintiff Mr. Douse. This report falsified information of a sexual nature, effectively slandering Plaintiff and causing serious prejudice in reference to future civil judicial proceedings. Furthermore, Plaintiff was denied freedom of movement and personal security, due to his being placed into "Secure Management" (FCCC smokescreen name for punitive solitary confinement- the most restrictive form of confinement used in the prison system) without practicing seclusion or restraint under **Florida Statute** <u>Rights of patients</u> 394.459.(4)(c) and **Florida Administrative Code Rule 65E-5.180** that deprive Plaintiff of his substantive due process liberty interest rights under the U.S.C. Fourteenth Amendment rights. . . . . .

<u>Id.</u> at 3 (emphasis in original).

**III.**

Title 42 U.S.C. Section 1983 imposes liability on one who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. To establish a claim under § 1983, plaintiff must prove that (1) defendant deprived her of a right secured under the Constitution or federal law, and (2) such deprivation occurred under color of state law. Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998); U.S. Steel, LLC v. Tieco, Inc., 261 F.3d 1275, 1288 (11th Cir. 2001). In addition, where a plaintiff seeks to impose liability on one who is not an active participant in the alleged constitutional deprivation, that plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. Williams v. Bennett, 689 F.2d 1370, 1380-1381 (11th Cir. 1982).

The Supreme Court has soundly rejected the possibility of *respondeat superior* as a basis of liability in § 1983 actions. Monell v. Dep't of Soc. Serv., 436 U.S. 659, 690-692 (1978). Instead, supervisory liability can be imposed under § 1983 "either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation." Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990). Absent personal participation by a defendant, a

plaintiff must show an affirmative causal connection between the defendant's acts and the alleged constitutional deprivation. Harris v. Ostrout, 65 F.3d 912, 917 (11th Cir. 1995). The causal connection can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so [,]" or when a custom or policy of the supervisor results in deliberate indifference to constitutional rights. Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003)(quoting Gonzalez v. Reno, 325 F.3d 1228, 1234 (11th Cir. 2003)). "The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." Brown, 906 F.2d at 671. Alternatively, facts supporting an inference that the supervisor directed the subordinates to act unlawfully or knew that they would do so and failed to stop them establishes a causal connection. Cottone, 326 F.3d at 1360 (quoting Gonzalez, 325 F.3d at 1234)(remaining citations omitted).

While residents at the FCCC are subject to internal regulations, the Court recognizes that they are afforded a higher standard of care than those who are criminally committed. The Supreme Court has concluded that, as a general rule, civil detainees are "entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish." Youngblood v. Romero, 457

U.S. 307, 322 (1982). Indeed, the involuntarily civilly committed have liberty interests under the due process clause of the Fourteenth Amendment to reasonably safe conditions of confinement, freedom from unreasonable bodily restraints, and such minimally adequate training as might be required to ensure safety and freedom from restraint. Id. The Eleventh Circuit similarly has held that "Youngberg establishes that the due process rights of the involuntarily civilly committed are 'at least as extensive' as the Eighth Amendment 'rights of the criminally institutionalized,' and therefore, 'relevant case law in the Eighth Amendment context also serves to set forth the contours of the due process rights of the civilly committed." Lavender v. Kearney, 206 Fed. Appx. 860 *2 (11th Cir. 2006)(footnote omitted, quoting Dolihite v. Maughon, 74 F.3d 1027, 1041 (11th Cir. 1996)). Therefore, the case law that has developed under the Eighth Amendment sets forth the contours of the due process rights of the civilly committed. Id.

**IV.**

At the outset, the Court notes that in case number 2:08-cv-29-FtM-29SPC, Plaintiff alleged substantially the same facts as alleged in the instant Complaint.[2] On August 13, 2009, the Court entered an Opinion and Order granting the Defendants' motions to dismiss and dismissing 2:08-cv-29-FtM-29SPC without prejudice. See

---

[2]The Complaint *sub judice* names fewer Defendants than the 2008 Complaint. Notably, however, the Defendants named in the 2008 Complaint are referred to as Defendants in the Complaint *sub judice*, although they are not named in the caption of the case.

Douse v. Butterworth, Case No. 2:08-cv-29-FtM-29SPC, 2009 WL 2496459 (M.D. Fla. Aug. 13, 2009). Similar to the Court's previous ruling, the Court finds that the facts alleged in the Complaint *sub judice* fail to state a claim.

First, irrespective of whether officials adhered to the FCCC's internal regulation concerning the time period to commence an investigation, or whether the FCCC's internal regulations were "not statutorily implemented" as raised by Plaintiff, the Court finds Plaintiff has not alleged a violation of a right created by the United States Constitution or the laws of the United States. "Section 1983 does not create a remedy for every wrong committed under the color of state law, but only for those that deprive a plaintiff of a federal right." Knight v. Jacobson, 300 F.3d 1272, 1275 (11th Cir. 2002). Any argument that a violation of state law gives plaintiff a viable substantive due process claim has been foreclosed by the United States Supreme Court. Lovins v. Lee, 53 F.3d 1208, 1211 (11th Cir. 1995)(citing Collins v. City of Harker Heights, Texas, 503 U.S. 115 (1992)). See also McKinney v. Pate, 20 F.3d 1550, 1556 (11th Cir. 1994)(*en banc*)(substantive rights created only by state law are not subject to substantive due process protection because substantive due process rights are created only by the United States Constitution). Therefore, no § 1983 claim is stated by virtue of an alleged failure by any FCCC official to comply with the tenets of the FCCC's internal

regulation governing the time frame an investigation is to be commenced.

Nor does the fact that Plaintiff was temporarily restricted from unlimited access to the FCCC facility due to his limited placement in secure management confinement necessarily implicate Plaintiff's liberty interests in the instant matter. "Not every disability imposed during pretrial detention amounts to 'punishment' in the constitutional sense." Bell v. Wolfish, 441 U.S. 520, 537 (1979); see also Sandin v. Conner, 515 U.S. 472, 483-84 (1995); Wilkinson v. Austin, 545 U.S. 209, 223 (2005). Whether a particular restriction is considered punitive is determined by whether the restriction imposed is for the purpose of punishment or whether it is incidental to some other legitimate governmental purpose. Bell, 442 U.S. at 538. Restrictions that are imposed in order to manage a facility or maintain the facility's security are examples of permissive restrictions. Id. at 540. Here, based on the face of the Complaint and the attached exhibit, Plaintiff was placed in secure management confinement while the incident involving Plaintiff and another resident who were alleged to have engaged in sexual misconduct could be investigated.

Thus, the Court finds Plaintiff's temporary confinement in secure management from October 26, 2007, until November 5, 2007 was not for punitive purposes or otherwise the type of atypical and significant deprivation to trigger Plaintiff's constitutional due

process rights.[3] Sandin v. Conner, 515 U.S. at 481 (concluding that focus of liberty interest is nature of deprivation); see also Al-Amin v. Donald, 165 Fed. Appx. 733, 738 (11th Cir. 2006)(recognizing that "[u]nder certain circumstances, administrative segregation is a necessary limitation of privileges and rights that incarceration demands").

Lastly, to the extent Plaintiff submits that Defendant Davidson's disciplinary report was "falsely" written, a claim challenging unlawful conduct leading to an unconstitutional conviction, including administrative action while in confinement, cannot proceed unless the plaintiff shows that the challenged conviction was reversed, expunged or otherwise invalidated as required by the Heck standard:

> We hold that, in order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can

---

[3]The Court takes judicial notice that Plaintiff was taken to secure management on Friday, October 26, 2007, and was released five business days later, on Monday, November 5, 2007. See http://www.timeanddate.com.

> demonstrate that the conviction or sentence has already been invalidated.

Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (emphasis original). The Supreme Court has applied the Heck analysis to actions brought by prisoners who are challenging disciplinary action. Edwards v. Balisok, 520 U.S. 641, 643-649 (1997). The Complaint and attachment thereto illustrates that despite Plaintiff's attempts to have the disciplinary report expunged, FCCC officials have not done so. Thus, pursuant to Heck, Plaintiff's claim is subject to dismissal for failure to state a claim under § 1983. Because the court is dismissing Plaintiff's federal claims, it chooses not to exercise supplemental jurisdiction over Plaintiff's state law claims. See 28 U.S.C. § 1367(a) and (c).

ACCORDINGLY, it is hereby

**ORDERED**:

1. Plaintiff's Complaint (Doc. #1) is **DISMISSED** pursuant to 1915(e)(2)(b)(ii) for failure to state a claim.

2. The Clerk of Court shall enter judgment accordingly, terminate any pending motions, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on this ___7th___ day of October, 2009.

_/s/ John E. Steele_
JOHN E. STEELE
United States District Judge

SA: alj
Copies: All Parties of Record